IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TREMAINE L. PACE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-0294-CV-W-HFS |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant, Portfolio Recovery Associates, LLC, has filed a motion for summary judgment. Plaintiff, Tremaine L. Pace, commenced this action on March 21, 2011, claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. "FDCPA." Plaintiff seeks a finding that defendant violated the FDCPA; actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

Background Facts[1]

Plaintiff had credit accounts with Southwestern Bell Telephone and Capital One Bank, but did not know if the amount owed to Southwestern was paid; the accounts went into default due to non-payment. (SMUF: ¶¶ 3-5). Sometime in 2011, plaintiff received telephone calls from defendant regarding the debts and allegedly kept a phone log of the calls which he provided to his attorney by

---

[1] Facts are taken from defendant's statement of uncontroverted material facts "SUMF," and where controverted by plaintiff will be duly noted.

phone; written copies of the logs have not been produced. (Id: ¶¶ 6-9).

Plaintiff alleges that defendant violated the FDCPA by repeatedly calling with the intent to annoy, abuse, and harass him and repeatedly engaged him in conversation for the same purpose. (Id: ¶¶ 11-12). During the same time period, plaintiff kept phone logs of calls received from other collectors regarding debts to Midland Credit Management and NCO Financial; plaintiff commenced actions against these collectors which ultimately resulted in settlement. (Id: ¶¶ 16-18).[2] Plaintiff states that defendant continued to call him after he sent a cease and desist letter. (Id: ¶ 27).

### Standard of Review for Summary Judgment

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, 2007 WL 2695795 *2 (D.Minn.); citing, Fed.R.Civ.P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Chomillo, at *2. The court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Id. The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Id; citing, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

### Analysis

---

[2] "Pace v. Midland Credit Management, Inc." Case No. 11-264 before Judge Ortrie Smith, and "Pace v. NCO Financial Systems, Inc." Case No. 11-266 before Judge Dean Whipple.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." Chomilo, 2007 WL 2695795 at, *2; citing, 15 U.S.C. § 1692(e). In order to establish a violation of the FDCPA, a plaintiff must demonstrate that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. Id. The third element is at issue here.

FDCPA claims are viewed from the "unsophisticated consumer" perspective which protects consumers of below average sophistication or intelligence. Vanhorn v. Genpact Services, LLC, 2011 WL 4565477 *2 (W.D.Mo.). However, there is an objective element of reasonableness. Id.

Plaintiff claims defendant violated the FDCPA because the number of calls received aggravated a bi-polar condition for which he has been diagnosed and demonstrates an intent to harass and annoy. Notwithstanding plaintiff's claim of keeping a phone log, he presents no evidence of the number of calls, but now claims that this a question of fact for a jury.[3] He offers no firm estimate, given his claims about other collectors at the same time, and the lapse of time.

Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury, yet, not all circumstances of persistently calling a debtor constitute harassment. Vanhorn, at *3; citing, Joseph v. J.J. Mac Intyre Co., LLC, 238 F.Supp.2d 1158 (N.D.Cal. 2002).[4] It has been held

---

[3]Plaintiff's brief (Doc. 26, p.5) refers to "over one-hundred" calls - apparently including those he did not answer - but does not support that number in his deposition, by affidavit, or by disclosing logs or reports to counsel.

[4]See also, Durthaler v. Accounts Receivable Management, Inc., 2012 WL 1202027 * 3 (S.D.Ohio), which held that while the question of harassing conduct will ordinarily be a question for the jury, Congress has indicated its desire for the courts to structure the confines of § 1692d.

that the number of calls, without more, does not constitute evidence of a violation of the FDCPA. Vanhorn, at *3.[5] When reading §1692d in its entirety, it is evident that absent egregious conduct or intent to annoy, abuse, or harass, a debt collector does not violate the FDCPA by persistently calling in an attempt to reach a debtor regarding a debt owed and due. Id. The most specific aspect of inconveniencing plaintiff is his deposition testimony of calls when he was sleeping; the calls were not, however, alleged to be at protected times of the day, under the statute. 15 U.S.C. § 1692c(a)(1). Consequently, plaintiff fails to demonstrate the existence of a genuine issue of material fact as to his general claim of harassment by a collector, and summary judgment is appropriate.

Plaintiff also claims that defendant's representatives failed to meaningfully disclose their identity during telephone communications which violated §1692d(6). Plaintiff's testimony reveals that during each phone contact he knew he was speaking with a representative of defendant either through caller ID or a verbal announcement by the representative. (Motion for Summary Judgment: Exh. A, pgs. 85-86; see also, SUMF: ¶¶ 20-22). Further, defendant contends that it has a strict policy requiring that all debt collectors identify themselves when contacting a debtor, and each of its collectors are initially trained in this respect and calls are monitored by supervisors to ensure compliance with this policy. I conclude there is no genuine issue of material fact regarding this claim

---

Id. Rather than employing a bright line rule regarding the number of calls made to the debtor, courts consider whether the nature of the calls, including the frequency, substance, or the place to which they are made, provides grounds to infer a debt collector's intent to harass without any other evidence of the motive in calling. Id.

[5]See also, Arteaga v. Asset Acceptance, LLC, 2010 WL 3310259 *7 (E.D.Cal. 2010)(there is no triable issue of fact regarding alleged violation of § 1695d and 1695d(5) absent evidence beyond daily or near daily telephone calls to the debtor); Slatzman v. I.C. System, Inc., 2009 WL 3190359 * 7 (E.D.Mich. 2009)(one or more phone calls in a single day after unsuccessful attempts to contact debtor, absent threatening messages, does not constitute harassment).

and summary judgment will be granted.[6]

Next, plaintiff claims that defendant violated the FDCPA when its representative continued to call him after he sent a cease calling letter. 15 U.S.C. § 1692c(c) essentially provides that once a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to the debt. However, if such communication is made by mail, *notification* shall be complete upon receipt. Cf., Ramirez v. Apex Financial Management, LLC, 567 F.Supp.2d 1035, 1040 (N.D.Ill. 2008) (a violation occurred under FDCPA where defendant debt collector continued to call consumer after receiving the cease calling letter). Here, defendant avers that such a letter was not received from plaintiff. (Motion for Summary Judgment: Exh. C, Declaration of Justin Miller, Vice President of Operations, ¶ 9), and plaintiff cannot recall when he sent the letter, the mailing address, or the content of the letter.[7] Although not required, plaintiff did not send the letter by registered mail. His vaguely asserted claim that at some point he sent such a letter to this

---

[6]Though not addressed by plaintiff, defendant states that even if failure to disclose identity occurred, liability is avoided pursuant to the bona fide error defense. This defense provides that relieves a debt collector of liability under the FDCPA if there is a showing by a preponderance of the evidence that the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Durthaler, 2012 WL 1202027 at, * 7; see also, Clark v. Brumbaugh and Quandahl, 731 F.Supp.2d 915, 923 (D.Neb. 2010) (an error is "bona fide" when it was made in good faith or is a genuine mistake, as opposed to a contrived mistake.

Here, defendant states that if its representative failed to disclose his or her identity to plaintiff, it was unintentional because it is aware and knowledgeable of the statute and has undertaken to put in place policies and procedures to guard against this type of violation. Further, defendant avers that it maintains a strict policy that all debt collectors identify themselves when communicating with a debtor, they are provided initial training before they begin placing calls, and supervisors monitor the representatives to ensure compliance. (Declaration of Justin Miller, Vise President of Operations: ¶¶ 5-6).

[7]At one point during the deposition plaintiff's counsel interceded and stated that in the letter plaintiff "stated something to the effect that he asked them to stop calling him." (Motion for Summary Judgment: Exh. A, Plaintiff's Depo. Pg. 94).

defendant without further verification and in light of defendant's denial of receipt probably fails to demonstrate the existence of a triable material fact as to this issue.

Whether plaintiff can create a jury issue over adequately having given written notification to stop calling is the most challenging point I am called upon to decide. I have previously suggested that the law is in some disarray on what constitutes a legally submissible claim to having caused delivery of a letter. Bailey v. Potter, 2006 WL 15478 (W.D.Mo.). The Circuit has indicated in another case that it was a "very close call" as to submissibility of the issue of receipt of a message. Kennell v. Gates, 215 F.3d 825, 830 (8th Cir. 2000). In the circumstances of this case the statute arguably requires a claimant to make specific proof of receipt of a mailing, presumably from a defendant's records. Wielicki v. HMC Group, 2009 WL 2496642 fn.1 (N.D.Ohio).[8] While intending to help consumers to resist abusive collection efforts, the statutory language suggests unusual concern that there be proof of receipt of a notice to stop calling. A casual unsupported claim of written notice by a consumer may not have been contemplated as creating a "Federal case" where there is no record of an incoming notice.

When a governmental of business entity makes proof of routine mailing of a document, a presumption of receipt of the mail is widely accepted as controlling. Where an individual claims to have mailed something to an organization that presumably has a systematic method for recording or filing incoming mail, any presumption of receipt of a missing document is very feeble, despite testimony as to mailing.

In Bellecourt v. United States, 784 F.Supp. 623 (D. Minn. 1992), for example, a motion to dismiss or for summary judgment was granted to the defendant even though plaintiff insistently

---

[8]This may be less onerous than it might seem. If there is an unreasonable denial of receipt after a request for admissions, the defendant is required to pay the cost of proof, even if it wins the case. Rule 37c(2), Fed.R.Civ.P.

claimed he properly presented an administrative claim by mail. Judge Doty ruled that "plaintiff has not satisfied his burden of showing that FMC (Federal Medical Center) actually received his administrative claim. Presumption of receipt is not sufficient to withstand the federal defendants' motion to dismiss. Plaintiff must show that FMC actually received his claim and ... (the material submitted) is too speculative to prove that FMC actually received his claim." 784 F.Supp. at 629.

This issue comes up in various contexts, some very significant, and I recognize that a considerable injustice can occur if the wrong call is made. In the present case, however, the litigants have not dealt exhaustively with the subject. Defendant has not spelled out its system of receiving and retaining mail from complainants, but plaintiff has not questioned the documentation of defendant's procedures. Plaintiff has apparently not made a tedious effort to review produced records to verify the current non-existence of the purported written demand. He does not argue that the notice is somewhere in defendant's files, and that he has not had an opportunity to examine the files. On this skimpy record I cannot conclude that a jury could reasonably find that an appropriate notice was actually mailed and received and is buried somewhere in the files or was negligently or otherwise destroyed by defendant. The claim thus fails for want of proof of receipt.

Finally, plaintiff claims a violation of the FDCPA under § 1692e in that defendant made veiled threats to cause problems on his credit report, i.e. "It can cause you issues with your credit report." (Plaintiff's Depo: pg. 96-97). Based on this alleged statement, it is unclear whether "it" refers to the debt or defendant itself, and plaintiff cannot recall if indeed defendant raised the possibility that the debt could cause problems on his credit report or whether the statement was made by another credit collector. (Motion for Summary Judgment: Exh. A, Plaintiff's Depo., pgs. 94-99).

Actually, § 1692e of the FDCPA prohibits false or misleading representation by a debt collector, and sub-section (5) prohibits a threat to take any action that cannot legally be taken or that

is not intended to be taken. This would include threats to communicate a person's credit information that is known or should be known to be false, including the fact, if applicable, that the debt is disputed. Veerhusen v. Capital Management Services, LP, 2010 WL 8019878 (D.Neb.). In Veerhusen, the debt collector sent the plaintiff a copy of its Privacy Notice regarding its privacy practices which included notice to plaintiff that "from time to time," it might share collected information with, among others, credit reporting agencies. Id, at *1-2. The plaintiff argued that this language was a threat by the debt collector to take action that it could not legally take in violation of §1692e(5). After careful consideration, the court concluded that although the notice could have been worded more closely to mirror the language contained in the FDCPA, it was not false or misleading and it was not threatening. Id, at *5. Similarly, the complained of conduct here - even when viewed through the eyes of an unsophisticated consumer - does not include an allegation of a falsehood or a threat to take action, which takes it out of the ambit of §1692e. Moreover, failure to pay a legitimate debt owed generally will result in a negative impact on one's credit report. Thus, as a matter of law, there is no genuine issue of material fact regarding this claim, and summary judgment is appropriate.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment (ECF doc. 18) is GRANTED. Judgment shall be entered in favor of defendant.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June  25 , 2012

Kansas City, Missouri